**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Tammy Cook,

      Plaintiff,

v.

Walmart Super Center,

      Defendant.

No. CV-26-04606-PHX-DWL

**ORDER**

"Negligence claims do not arise under U.S. Constitution or a federal statute. Instead, they are tort claims grounded in state law and typically addressed in state court." *Erdmann v. Dep't of Corr.*, 2025 WL 2207478, *3 (D. Alaska 2025). "A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim, or if the Court has diversity jurisdiction over the case. Because Plaintiff has not stated any viable federal claim . . . and the Complaint does not demonstrate that there is diversity jurisdiction, the Complaint must be dismissed." *Ohan v. Walmart Corp.*, 2025 WL 2977578, *2 (D. Alaska 2025).[1]

No federal question is presented on the face of Plaintiff's complaint (Doc. 1), which asserts a state-law negligence claim for a slip-and-fall at a Walmart in Peoria, Arizona. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

---

[1] The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). No amendment could cure this defect.

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets the complete diversity requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The party seeking to invoke diversity jurisdiction has the burden of proof as to jurisdictional facts. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up).

Plaintiff sues "Walmart Supercenter," which, according to the Complaint's allegations, is incorporated under the laws of Arizona and has its principal place of business in the State of Arizona. (Doc. 1 at 3.) The Court is skeptical that "Walmart Supercenter" is a proper legal entity, and at any rate, the allegations in the Complaint fail to establish diversity.

Moreover, the amount in controversy is not alleged in the complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's application (Doc. 3) is **granted**.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** for failure to allege facts establishing that the Court has subject-matter jurisdiction over this action.

Dated this 2nd day of July, 2026.

Dominic W. Lanza
United States District Judge

- 2 -